# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ANGEL M. PADRO, DJON WOOTEN,**

        **Plaintiffs,**

**-vs-**                                                  **Case No. 6:07-cv-891-Orl-28DAB**

**MVNO WORLD INC., and JASON ESCOFFERY**

        **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT (Doc. No. 22)**
>
> **FILED:**    **October 26, 2007**
> 
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement

is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Based on Plaintiffs' Responses to Interrogatories and Motion to Approve Settlement, Plaintiffs were employed by Defendants as sales representatives selling mobile phone plans, fixing phone problems, and for Plaintiff Pardo, scheduling work schedules for other employees. Doc. Nos. 17, 18, 22. The settlement to Plaintiff Wooten of $500 in unpaid wages and commissions represents more than the full disputed amount Plaintiff sought of $434, which was for $140 in commissions plus $294 regular pay for the last week of work. Doc. No. 17. The settlement to Plaintiff Pardo of $850 in unpaid wages, commissions, and liquidated damages represents the full disputed amount Plaintiff

sought of $857, which was for $120 in unpaid commissions, $226 shortage on pay checks, $167 in regular pay for his last week of work, and overtime of $171 (doubled to $342 for liquidated damages). Doc. No. 18.

The parties have agreed that Defendant will pay Plaintiffs' attorneys $3150 in attorney's fees (total for both cases) and $500 costs. Doc. No. 22. The Court finds that for a total of $3150 in fees, at an estimated hourly rate of $175, Plaintiffs' counsel would have devoted approximately 18 hours to the two Plaintiffs' cases. The amount of time spent was consistent with that spent in similar FLSA cases. The amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case.

The settlements to Plaintiffs for unpaid wages, commissions, and liquidated damages, and $3650 for attorney's fees and costs is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 31, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Courtroom Deputy